IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEVIN CARL TYLER ROTTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-22-MEF |
| | ) | |
| DAVID SLAY, Deputy Sheriff, in his individual capacity, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Deputy Sheriff David Slay's ("Slay") partial Motion to Dismiss (Doc. # 19) filed March 25, 2010. Plaintiff Kevin Carl Tyler Rotton ("Rotton") filed suit against Slay alleging three counts: 1) use of excessive force in violation of his 4th Amendment rights, 2) use of excessive force in violation of his 14th Amendment substantive due process rights, and 3) a claim for assault and battery arising under Alabama law. (Doc. # 18). Slay filed a Motion to Dismiss arguing that counts one and three of the Amended Complaint should be dismissed. For the foregoing reasons, this Motion is due to be GRANTED in part and DENIED in part.

**I. JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. The parties do not assert that this Court lacks personal jurisdiction over them, and there is no dispute that venue is proper pursuant to 28 U.S.C. § 1391(b).

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  Therefore, for the purposes of adjudging a Rule 12(b)(6) motion to dismiss, the Court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff.  *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

While Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as a general matter, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559.  It is not sufficient that the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561 (internal quotation and alteration omitted).

### III.  FACTUAL AND PROCEDURAL HISTORY

On January 12, 2008, Rotton was stopped by the Millbrook, Alabama police for

driving erratically.  (Doc. # 18 ¶ 4).  He was arrested and taken to the Millbrook City Police Department where he failed a breathalyzer test.  *Id.* ¶ 15.  The Millbrook Police then transported Rotton to Elmore County Detention Facility ("jail"), where he was kept in a holding area.  *Id.*  While Rotton was waiting, Slay brought another arrestee into the same holding area.  *Id.* ¶ 7. Slay asked the other arrestee if he was Mexican, and upon hearing this Rotton smiled at Slay.  *Id.*  In response, according to the Plaintiff's Amended Complaint, Slay threw Rotton to the ground and began hitting and kicking him.  *Id.* ¶ 7, 9.  According to Slay's Answer to the Amended Complaint, Rotton's use of obscenities and menacing gestures prompted the use of force.  (Doc. # 21).  After being released from jail, Rotton was taken to Baptist Hospital in Montgomery where he was treated for a collapsed lung, a cut on the right side of his face, and a black eye.  (Doc. # 18 ¶ 9, 10).

On January 8, 2010, Rotton filed suit in this Court alleging three counts against Slay: 1) a violation of civil rights pursuant to Title 42, § 1983 and the Fourth Amendment for unreasonable seizure and excessive force, 2) a violation of civil rights pursuant to Title 42, § 1983 and the Fourteenth Amendment for violations of Rotton's substantive due process rights, and 3) a claim for assault and battery arising under Alabama law.  (Doc. # 18).

Slay has filed a partial Motion to Dismiss arguing that counts one and three should be dismissed.  (Doc. # 19).  Slay first argues that because Rotton's claim arose while he was a pretrial detainee and not an arrestee, the Fourth Amendment is inapplicable to

Rotton's case.  Accordingly, Slay requests that this Court dismiss count one of the Amended Complaint, which is based on a violation of the Fourth Amendment.  Slay also requests dismissal of count three because as a Deputy Sheriff, he is entitled to state law immunity under Article I, § 14 of the Alabama Constitution of 1901.

## IV. DISCUSSION

### A. *Applicability of the Fourth Amendment to Rotton's Claims:*

Rotton has alleged in count one of his Amended Complaint that Slay violated his Fourth Amendment rights by subjecting him to an unreasonable seizure and excessive force.[1]  (Doc. # 18).  Slay argues that because Rotten was a pretrial detainee, and not an arrestee, when his injuries occurred, only the Fourteenth Amendment, through 42 U.S.C. § 1983, can be used to vindicate Rotton's rights.

The first step in analyzing an excessive force claim brought pursuant to § 1983 is to determine the specific constitutional right allegedly infringed.  *Calhoun v. Thomas*, 360 F. Supp. 2d 1264, 1270 (M.D. Ala. 2005) (Thompson, J.).  Whether Rotton's claim is properly brought under the Fourth Amendment or the Fourteenth Amendment is dependent upon the point in time at which the alleged violation occurred.  *See id.* at 1271–2.  "All claims that law enforcement officers have used excessive force. . . in the

---

[1] Rotton has also alleged that Slay violated his Fourteenth Amendment rights. (Doc. # 18).  In his Response to Slay's Motion to Dismiss Rotton states that he has "plead in the alternative a violation of both the Fourth and Fourteenth Amendments" due to the lack of precedent in the Eleventh Circuit about which framework applies to his cases.

course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Any excessive force claim arising after pretrial detention would trigger Fourteenth Amendment substantive due process rights. *Calhoun*, F. Supp. 2d at 1271. In between arrest and detention is a "legal twilight zone" where little Eleventh Circuit guidance is available. *See id.* at 1272–74.

This legal twilight zone is where Rotton falls. At the point in time at which his excessive force claim arose, his arrest had already been completed. Rotton was no longer in the custody of the arresting officers, having already been taken to jail. For all intents and purposes, he had already been 'seized,' as the physical force restraining his liberty was applied when he was placed in the holding area of the jail. *Id.* at 1271. However, he had not yet become a pretrial detainee—he was being kept in a holding cell, had not yet been officially booked, and had not appeared before a magistrate. See *id.* at 1272; *Shaw v. Marshall*, No. 2:07-cv-66, 2008 WL 1924992 at *7 (M.D. Ala. 2008) (DeMent, J.); *McCall v. Crosthwait*, 590 F. Supp. 2d 1337, 1341 n4 (M.D. Ala. 2008) (Watkins, J.) (all considering whether the plaintiff had been booked and whether the plaintiff had made an initial appearance before a magistrate as factors in the determination of whether the plaintiff had attained pretrial detainee status).

When a Plaintiff's claim arises in this legal twilight zone, this Court has repeatedly found that Fourth Amendment analysis applies. *Calhoun*, F. Supp. 2d at 1274; *Shaw*,

2008 WL 1924992 at *7; *McCall*, 590 F. Supp. 2d at 1341.  Accordingly, the Fourth Amendment is the constitutional provision under which Rotton's claim for excessive force arises, and Slay's Motion to Dismiss is due to be denied to the extent that it seeks dismissal of count one of the Amended Complaint.[2]

### B. *State Law Immunity for Deputy Sheriffs:*

Rotton has included in his Amended Complaint a claim for assault and battery arising under Alabama law.  Slay claims that as a deputy sheriff he has absolute immunity from such suits.

Pursuant to Article I, § 14 of the Alabama Constitution of 1901, "the State of Alabama shall never be made a defendant in any court of law or equity."  Courts have interpreted this provision to mean that, "a claim for monetary damages made against a constitutional officer in the officer's individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment." *Ex parte Davis*, 930 So. 2d 497, 500–01 (Ala. 2005).  The Alabama Supreme Court, and other courts applying Alabama law, have consistently held that because a sheriff is a constitutional officer, "an action against a sheriff—or a deputy sheriff—for damages arising out of the performance of his duties is a essentially a suit against the state," and is therefore barred by § 14 immunity.  *Id.* at 501;

---

[2] Defendants have not moved to dismiss Count II of the Amended Complaint, and therefore the Court has not addressed the merits of this claim.

6

*Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir.1996).

The only recognized exceptions to § 14 immunity are inapplicable here, as they apply only when a Plaintiff seeks injunctive or declarative relief against a sheriff or deputy sheriff. *Ex parte Davis*, 930 So. 2d at 501.[3]

Rotton argues, however, that Slay is not entitled to § 14 immunity because Slay's use of force against Rotton was not in the course and scope of Slay's employment as a constitutional officer of the state of Alabama. (Doc. # 23 at 4). Under Alabama law, albeit in contexts different from the state law immunity one under which this claim arises, "the acts of employees are deemed to be within the scope of their employment if the acts are so closely connected with what the servant is employed to do and so fairly and reasonably incidental to it, that they may be regarded as methods, *even though quite improper ones*, of carrying out the objectives of the employment." *Shrader v. Emp'rs Mut. Cas. Co.*, 907 So. 2d 1026, 1034 (Ala. 2005) (emphasis in original) (construing the terms "under color of state law" and "within the line and scope of employment" in order to determine the coverage of an insurance policy). Conduct is not within the scope of employment if it is done for "personal motive to further some personal interest" and not

---

[3] A sheriff or deputy sheriff can be sued only to 1) compel him to perform his duties, 2) compel him to perform ministerial acts, 3) enjoin him from enforcing unconstitutional laws, 4) enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or 5) to seek construction of a statute under the Declaratory Judgment act if the sheriff is a necessary party for the construction of the statute. *Ex parte Davis*, 930 So. 2d at 501. As Rotton is suing Slay for damages, none of these exceptions are applicable.

as part of the actor's job duties. *See Ex parte Davis*, 930 So. 2d at 501 (considering on appeal of the trial court's denial of a motion to dismiss whether the plaintiff had alleged any evidence of personal motive or personal interest to refute a finding that defendant's actions were within the scope of his employment); *Machen v. Childersburg Bancorporation, Inc.*, 761 So. 2d 981, 985 (Ala. 1999) (finding that the defendant had acted outside the scope of his employment when sexually harassing an employee, in part because the "alleged acts were aimed merely at satisfying his own lustful desires").

In *Ex parte Davis*, 9 So. 3d 480, the Alabama Supreme Court found that two deputy sheriffs were acting in the line and scope of their employment while guarding prisoners in the county jail. 9 So. 3d 480, 483 (Ala. 2008). Accepting as true the allegations in the Amended Complaint, Slay was in the process of guarding and transporting arrestees when he used excessive force against Rotton. The Amended Complaint does not allege any facts under which the Court could find that Slay was acting outside the scope of his employment when he injured Rotton—no personal motive, no personal interest, etc.

Therefore, the Court finds that Slay was acting in the scope of his employment when the alleged injuries were inflicted. As such, Slay is entitled to state law immunity pursuant to Article I, § 14 of the Alabama Constitution of 1901, and count three of the Amended Complaint is due to be dismissed.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Slay's Motion to Dismiss (Doc. # 19) is GRANTED in part and DENIED in part.  Count three of the Amended Complaint (Doc. # 18) is hereby DISMISSED.

Done this the 22nd day of December, 2010.

                                           /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE